UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ESCALON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MCSP WARDEN,<br><br>　　　　　Respondent. | Case No. 19-cv-00434-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE SUMMARILY DISMISSED<br><br>ECF No. 1<br><br>RESPONSE DUE IN 14 DAYS |

　　　　Petitioner Richard V. Escalon, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

　　　　Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss screen petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Unlike a complaint in other civil cases, a Section 2254 petition must adhere to a prescribed form appended to Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default

1

and exhaustion, and the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

Here, the petition presents three problems. First, petitioner fails to state a cognizable claim. The petition contains only one habeas claim: that the prosecutor did not indict petitioner through a grand jury proceeding. *See* ECF No. 1 at 6. Petitioner argues that the prosecutor's failure to do so violated the Fifth Amendment of the Constitution. *See id*. The Constitution, however, does not require indictment by a grand jury. *See Hurtado v. People of State of Cal.*, 110 U.S. 516, 534–35 (1884); *Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010). Petitioner fails to state a cognizable claim.

Second, the petition suffers from procedural defects. Petitioner concedes that he has not exhausted his state court remedies by presenting his claim in state court—either on direct appeal or in a post-conviction proceeding. *See* ECF No. 1 at 7. This court cannot grant habeas relief when a petitioner has failed to exhaust his claim in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). Petitioner does not explain why he has not exhausted his claim in state court, even though the petition prompts him to provide an explanation. *See* ECF No. 1 at 7. Petitioner concedes that his petition is untimely; he provides a frivolous excuse for the untimeliness, stating:

> If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.
>
> Petitioner was dreaming that someone would come along and fight against all odds. A KAMIKAZE, with two hands. Needing a ham sandwich.

*Id*. at 14.

Third, the petition is signed not by petitioner, but instead by another inmate, Clifford C. Loyer. *See id*. at 16. The petition states:

> Petitioner is not signing because the signature above is the name in effect for petitioner and will not allow this man to be pushed around. Secondly, the name in effect is currently locked in a cell separated from petitioner, operating in a free, legally triggered action. Helping.

*Id*. These conclusory statements do not show that Loyer had the authorization from petitioner to

sign the petition, as required by Rule 2(c)(5) of Section 2254 Cases.

The foregoing defects apparent in the petition warrant summary dismissal of the petition. We have some serious doubt whether these defects can be cured, but we will allow petitioner—not Loyer—an opportunity to explain why the petition should not be dismissed. Petitioner himself must file either a response to this order or an amended petition by the deadline set forth below. Failure to comply with this order will likely result in the prompt dismissal of the petition. Because we cannot discern whether petitioner authorized Loyer to file the petition, the dismissal will likely be without prejudice to petitioner raising a meritorious habeas claim in the future.

**Order**

1. Within fourteen days from the service of this order, petitioner must to show cause why the court should not summarily dismiss the petition.
2. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated: May 6, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202