UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ESCALON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MCSP WARDEN,<br><br>　　　　Respondent. | Case No. 1:19-cv-00434-JDP (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR HABEAS CORPUS AT SCREENING<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Richard V. Escalon, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases. We recommend that the court dismiss the case at screening.

**I.　Screening**

Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss screen petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Unlike a complaint in other civil cases,

1

a Section 2254 petition must adhere to a proscribed form appended to Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion, and the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

Here, the petition presents at least three problems. First, petitioner fails to state a cognizable claim. The petition contains only one potential habeas claim: that the prosecutor did not indict petitioner through a grand jury proceeding. *See* ECF No. 1 at 6. Petitioner argues that the prosecutor's failure to do so violated the Fifth Amendment of the Constitution. *See id*. But the Grand Jury Clause of the Constitution has not been made applicable to states, so the government in petitioner's state criminal proceeding had no obligation under the Fifth Amendment to indict him through a grand jury proceeding. *See Hurtado v. People of State of Cal.*, 110 U.S. 516, 534–35 (1884); *Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010).

Second, the petition presents a few procedural defects. Petitioner concedes that he has not exhausted his state court remedies by presenting his claim in state court—either on direct appeal or in a post-conviction proceeding. *See* ECF No. 1 at 7. This court ordinarily cannot grant habeas relief when a petitioner has failed to exhaust his claim in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). Petitioner does not explain why he has not exhausted his claim in state court, even though the form he used to complete his petition prompted him to provide an explanation. *See* ECF No. 1 at 7. Petitioner also concedes that his petition is untimely and provides a frivolous excuse for the untimeliness, stating:

> Petitioner was dreaming that someone would come along and fight against all odds. A KAMIKAZE, with two hands. Needing a ham sandwich.

*Id*. at 14.

Third, the petition is signed not by petitioner, but by another inmate, Clifford C. Loyer. *See id*. at 16. The petition says:

> Petitioner is not signing because the signature above is the name in effect for petitioner and will not allow this man to be pushed around. Secondly, the name in effect is currently locked in a cell separated from petitioner, operating in a free, legally triggered action. Helping.

*Id*. These confusing and conclusory statements do not show that Loyer had authorization from petitioner to sign the petition, as required by Rule 2(c)(5) of Section 2254 Cases.

The foregoing defects warrant summary dismissal of the petition. We issued an order to show cause in May 2019, requiring petitioner—or Loyer—to explain why the court should not summarily dismiss the petition given the obvious defects discussed above. ECF No. 5. Months have passed with no response to our order to show case. We therefore recommend that the court dismiss the petition at screening. Because we have some concern that Loyer filed the petition as a jest without authorization from petitioner, the dismissal should be without prejudice.

## II.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree with our conclusion or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

### III. Order

The clerk of court is directed to assign this case to a U.S. District Judge, who will review the following findings and recommendations.

### IV. Findings and Recommendations

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, without prejudice and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 5, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202